**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-14368

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOSE MIGUEL DE PAZ TOVILLA,
  a.k.a. Jose Miguel De Paz Tonilla,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:24-cr-00181-TFM-MU-2

————————————

Before JORDAN, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

Jose De Paz Tovilla appeals his 135-month sentence for conspiring to distribute cocaine on board a vessel, arguing that his

sentence is procedurally unreasonable because the district court did not apply a mitigating role adjustment when calculating his guidelines sentencing range. The government moved to dismiss Tovilla's appeal because the parties entered into a plea agreement that included an appeal waiver. Tovilla did not respond to the government's motion to dismiss. We conclude that the appeal waiver is enforceable and applicable. Accordingly, we grant the government's motion to dismiss.

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We enforce appeal waivers that a defendant made knowingly and voluntarily, unless doing so "would result in a miscarriage of justice." *Hunter v. United States*, 146 S. Ct. 1702, 1712–13 (2026) (holding that a sentence-appeal waiver "is unenforceable when it would result in a miscarriage of justice"); *see United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (setting forth the knowing and voluntary requirement). To demonstrate that a waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Tovilla's plea agreement contained an appeal waiver provision under the heading "Limited Waiver of Right to Appeal and Waiver of Collateral Attack." The appeal waiver stated that

> [a]s part of the bargained-for exchange represented in this plea agreement, . . . the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack . . . . Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

The plea agreement included exceptions to the appeal waiver that reserved Tovilla's right to appeal on three grounds: (1) the sentence exceeded the statutory maximum; (2) the sentence exceeded the guidelines range; and (3) ineffective assistance of counsel. Tovilla signed the plea agreement, which included a certification that said, "I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it."

At Tovilla's change-of-plea hearing, the district court questioned Tovilla regarding his understanding of the appeal waiver in the following exchange:

> <u>District Court</u>: Mr. Tovilla . . . , a person who pleads guilty or goes to trial and is found guilty, ordinarily that person may appeal their conviction or their sentence or both. Or they may collaterally attack their conviction or their sentence or both.
>
> Do you know and understand that under the terms of your plea agreement, with certain few limited exceptions that are explicitly set out in your plea agreement, you're giving up your right to do those

things if you receive the benefit of the bargain that you've struck with the Government in your plea agreement?

Tovilla: Yes.

After reviewing the charge against Tovilla, the elements of the offense, the factual basis for the plea, and the consequences of the plea, and finding that the plea was knowing and voluntary, the district court accepted his guilty plea. At sentencing, the district court determined that the appropriate guidelines sentencing range was 135 to 168 months' imprisonment. It then imposed a bottom-of-the-guidelines 135-month sentence.

Tovilla's appeal waiver bars this appeal because it is enforceable and none of the exceptions to the waiver apply. With respect to enforceability, the record establishes that Tovilla knowingly and voluntarily agreed to the appeal waiver. He signed the plea agreement with the waiver provision and certified that he "carefully reviewed every part of [the plea agreement] with [his] attorney" and that he knowingly and voluntarily agreed to it. And during the plea colloquy, Tovilla again confirmed that he understood the appeal waiver. Thus, Tovilla's appeal waiver is enforceable. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (enforcing an appeal waiver where "the waiver provision was referenced during [the defendant's] . . . plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily"). We note that Tovilla does not argue that enforcement of the appeal waiver would result in a

miscarriage of justice and his only argument on appeal—that the district court procedurally erred by failing to apply a mitigating role adjustment—does not meet the high bar for establishing a miscarriage of justice. *See Hunter*, 146 S. Ct. at 1713 (explaining that the miscarriage of justice rule "sets a high bar: The waiver may be set aside only if the sentence is marred by the kind of egregious error that would bring the judicial system into disrepute. The error must be obvious—not one a judge could reasonably make").

Finally, none of the exceptions to the appeal waiver apply because Tovilla's sentence was below the statutory maximum, his sentence was at the bottom of his guidelines range, and he has not argued ineffective assistance of counsel. Accordingly, the appeal waiver in Tovilla's plea agreement is enforceable and applicable, so we **GRANT** the government's motion to dismiss.

**DISMISSED.**